IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT CY MANN,

    Petitioner,

v.                                                 Civil Action No. 3:09CV464

PATRICIA STANSBERRY,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a federal prisoner proceeding *pro se*, submitted this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the Federal Bureau of Prisons ("BOP") has incorrectly calculated his sentence. Respondent has filed a motion for summary judgment, to which Petitioner has responded. This matter is ripe for judgment.

### I. PETITIONER'S CLAIM AND BACKGROUND

**A.    Imposition of Sentences**

On June 16, 1997, the United States District Court for the District of Maryland sentenced Petitioner to a five-year term of imprisonment for conspiracy to distribute and possess with intent to distribute cocaine ("the Maryland sentence").[1] Petitioner voluntarily surrendered to the federal prison in Cumberland, Maryland on September 2, 1997.

Five hundred days later, on January 15, 1999, the United States District Court for the Eastern District of Virginia ("the Sentencing Court") sentenced Petitioner to two 252-month sentences pursuant to convictions for one count of possession with intent to distribute cocaine

---

[1] The judgment in that case notes that the offense concluded on March 16, 1996. (Mem. Supp. Mot. Summ. J., Kelly Decl., Att.1 at 1.)

base and one count of distribution of cocaine base, to be served concurrently ("the Virginia sentence").[2] On January 26, 2009, the Sentencing Court reduced the Virginia sentence to two concurrent 188-month sentences pursuant to 18 U.S.C. § 3582(c)(2).

B.  **Petitioner's Claim that the BOP has Incorrectly Calculated his Sentence**

Petitioner argues that, because the Virginia sentence is to run concurrently with the Maryland sentence, the BOP should credit the 506 days[3] during which Petitioner was incarcerated pursuant to the Maryland sentence against the Virginia sentence. Pursuant to 18 U.S.C. § 3584(c), the BOP aggregated Petitioner's sentences when the Virginia sentence was imposed and ran the aggregated sentence from the date the Maryland sentence commenced. Because all of Petitioner's sentences are to run concurrently, the BOP has added the 188-month Virginia sentence to the 500 days petitioner had already served on the Maryland sentence, for a total of 17 years and 13 days. (Mem. Supp. Mot. Summ. J., Kelly Decl., ¶ 10-11.) The BOP commenced this aggregate sentence on September 2, 1997, the date Petitioner began serving the Maryland sentence. (Mem. Supp. Mot. Summ. J., Kelly Decl., ¶ 13.) Thus, Petitioner will serve the full term of the Virginia sentence, commenced on the date the sentencing court imposed it.

Petitioner disagrees with the manner in which the BOP has calculated his sentence. Petitioner argues that his aggregate sentence should expire 506 days earlier. The BOP contends that federal law precludes both "double counting" the 506 days and commencing the Virginia sentence on a date prior to its imposition.

---

[2] The judgment in that case indicates that Petitioner's offenses occurred in March 1995 and Summer 1995.

[3] In addition to the 500-day period of incarceration following Petitioner's voluntary surrender to the BOP, Petitioner argues entitlement to six days of prior custody credit previously applied against the Maryland sentence.

2

## II. ANALYSIS

### A. The BOP Properly Commenced the Virginia Sentence on the Date of Sentencing

Federal law provides that a federal sentence commences when "the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at" the designated detention facility. 18 U.S.C. § 3585(a). This provision precludes the BOP from commencing a sentence on any date before the sentencing court imposes it. *See United States v. Labeille-Soto*, 163 F.3d 93, 98-99 (2d Cir. 1998) (holding that a federal sentence cannot commence before it is imposed); *Holmes v. Stansberry*, No. 3:09cv00165, 2010 WL 174106, at *1 (E.D. Va. Jan. 15, 2010). The fact that a sentence runs concurrently with a prior sentence "does not mean that the two sentences 'hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (alteration in original) (*quoting United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)). Thus, "when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served." *United States v. McLean*, No. 88-5506, 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (*citing Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983); *Flores*, 616 F.2d at 841; 18 U.S.C. § 3568). Petitioner therefore fails to demonstrate that the BOP erred in any sentence calculation.

### B. The BOP Cannot Apply a 506-Day Credit against the Virginia Sentence

Petitioner similarly fails to demonstrate that the BOP incorrectly failed to credit against the Virginia sentence the 506 days during which Petitioner was incarcerated pursuant to the previously imposed Maryland sentence. Federal law provides that:

3

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). With this provision, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). The 500 days Petitioner spent in custody before the imposition of the Virginia sentence has already been credited against the Maryland sentence, and therefore cannot be credited against the Virginia sentence as well. *See Holmes*, 2010 WL 174106 at *2; *Mathison v. Morrison*, No. 0:06cv03496, 2007 WL 3224671, at *5-6 (D. Minn. Nov. 1, 2007).

### C. Petitioner's Remaining Argument Must Be Advanced in a 28 U.S.C. § 2255 Motion

Finally, Petitioner argues that the Sentencing Court should have reduced the Virginia sentence by 500 days because the Maryland sentence was imposed pursuant to a conviction for similar acts.[4] *See* United States Sentencing Guidelines § 5G1.3(b). A 28 U.S.C. § 2255 motion provides the primary means of collateral attack on federal convictions and sentences. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (*quoting Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). To instead utilize 28 U.S.C. § 2241, a petitioner must demonstrate that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977); *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

---

[4] In support of this argument, Petitioner has filed a motion for leave to file additional case law. (Docket No. 14.) Petitioner's motion will be GRANTED. However, because Petitioner fails to demonstrate that such a claim can proceed pursuant to 28 U.S.C. § 2241, the Court need not address the case.

4

Petitioner fails to demonstrate that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Accordingly, Respondent's motion for summary judgment (Docket No. 8) will be GRANTED. Petitioner's claims will be DISMISSED. The petition will be DISMISSED.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

Richmond, Virginia
Date: 7-15-10