IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT CY MANN,**

    Petitioner,

v.                                                                            Civil Action No. **3:09CV464**

**PATRICIA STANSBERRY,**

    Respondent.

## MEMORANDUM OPINION

Robert Cy Mann, a federal inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By Memorandum Opinion and Order entered July 16, 2010, the Court denied Mann's petition. On August 17, 2010, Mann filed a Motion to Alter Judgment. (Docket No. 17.) The Respondent filed a response fourteen days later, on August 31, 2010. Pursuant to Local Rule 7, Mann had three (3) days from the date of service of the response to file a reply. Mann did not reply within that time frame. The Court denied Mann's Motion to Alter Judgment on September 14, 2010 because his Motion to Amend failed to offer any new law or evidence, and it did not demonstrate a clear error of law. Instead, Mann merely repeated the arguments previously rejected by the Court.

Mann's reply, dated September 16, 2010, arrived at the Court on September 21, 2010. Mann admits that he filed his reply sixteen (16) days after the response. (Docket No. 25 Att. 1.) The Court took no action on Mann's reply. Mann then filed a Motion for Answer. (Docket No. 25.) Mann invokes Rule 60(b), requesting that the Court amend its September 14, 2010 Memorandum Opinion and Order and consider his untimely reply. Mann's only excuse for the

untimely reply was that he thought that he had twenty days to file his reply, and that the Clerk of the Court would not provide him with information regarding how many days he had to reply.

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding. The party seeking relief under Rule 60(b) must cross the "initial threshold," showing "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (*quoting Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Mann has not satisfied this initial threshold.

Nevertheless, the Court has reviewed Mann's reply. It consists of substantially the same arguments raised in his Motion to Amend. Had the reply been timely filed, the Court's ruling would not have been different. *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) (*citing Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979); *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973)). Rule 60(b) does not authorize "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995).

Accordingly, Mann's Motion for Answer (Docket No. 25) will be DENIED. An appropriate Order will accompany this Memorandum Opinion.

Date: 2-25-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge